310 F.Supp.2d 58 (2004)
UNITED STATES of America, Plaintiff,
v.
PHILIP MORRIS USA., f/k/a Philip Morris, Inc. et al. Defendants.
No. CIV.A. 99-2496(GK).
United States District Court, District of Columbia.
March 10, 2004.
*59 Sharon Y. Eubanks, Stephen D. Brody, Frank J. Marine, Andrew N. Goldfarb, U.S. Department of Justice, Washington, DC, for Plaintiff.
Alfred McDonnell, Arnold & Porter, Denver, CO, Amy L. McGinnis, Amy Elizabeth Ralph, Anne McBride Walker, Arnold & Porter, Washington, DC, Ashley Cummings, Hunton & Williams, Atlanta, GA, Ben M. Germana, Wachtell, Lipton, Rosen & Katz, New York City, Bradley E. Lerman, Winston & Strawn, Chicago, IL, C. Ian Anderson, Davis, Polk & Wardwell, New York City, Cindy L. Gantnier, Hunton & Williams, Richmond, VA, Cynthia S. Cecil, Hunton & Williams, Riverfront Plaza, East Tower, Richmond, VA, Dan K. Webb, Winston & Strawn, Chicago, IL, Daniel C. Jordan, Hunton & Williams, McLean, VA, Duane J. Mauney, Arnold & Porter, Washington, DC, Elizabeth D. Jensen, Winston & Strawn, Chicago, IL, Erik D. Nadolink, Hunton & Williams, Richmond, VA, Floyd E. Boone, Jr. Arnold & Porter, Washington, DC, Herbert M. Wachtell, Wachtell, Lipton, Rosen & Katz, New York City, James Lewis Brochin Paul, Weiss, Rifkind, Wharton & Garrison, *60 New York City, James Miller Rosenthal, Jeanna Maria Beck Arnold & Porter, Washington, DC, Jeffrey Wagner, Winston & Strawn, Chicago, IL, Jeffrey M. Wintner, Wachtell, Lipton, Rosen & Katz, New York City, Jonathan Louis Stern, Kendall Millard, Kevin M. Green, Arnold & Porter, Washington, DC, Kevin J. Narko, Winston & Strawn, Chicago, IL, Lauren J. Bernstein, Winston & Strawn, New York City, Leslie Wharton Arnold & Porter, Washington, DC, Luke A. Palese, Winston & Strawn, Chicago, IL, Melissa L. Marglous, Michael R Geske, Murray R. Garnick, Arnold & Porter, Nick Malhotra Arnold & Porter, LLP, Washington, DC, Patricia M. Schwarzschild Hunton & Williams, Richmond, VA, Peter Thomas Grossi, Jr., Arnold & Porter, Washington, DC, Ricardo E. Ugarte, Winston & Strawn, Chicago, IL, Richard H. Burton, Hunton & Williams, Richmond, VA, Robert M. Rader, Winston & Strawn LLP, Washington, DC, Ryan David Guilds, Arnold & Porter, Washington, DC, Seth Barrett Tillman, U.S. District Court for the Middle District of Alabama, Montgomery, AL, Sharma Jnatel Simmons, Sharon L. Taylor, Stacy J. Pollock Arnold & Porter, Washington, DC, Steven M. Barna, Wachtell, Lipton, Rosen & Katz, New York City, Susan Louise Lyndrup, Arnold & Porter, Washington, DC, Theodore V. Wells, Jr., Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Thomas M. Stimson, Timothy M. Broas, Winston & Strawn LLP Brian K. Esser, Arnold & Porter, Washington, DC, Cheryl Grissom Ragsdale, Christy L. Henderson, Michele B. Scarponi, Hunton & Williams, Richmond, VA, Thomas J. Frederick, Winston & Strawn, Chicago, IL, David B. Alden, Elizabeth P. Kessler, Jones, Day, Reavis & Pogue, Columbus, OH, Geoffrey T. Wright, Jones Day, Washington, DC, Harold K. Gordon, Jones, Day, Reavis & Pogue, New York City, Ivan C. Smith, Jones Day Reavis & Pogue, Columbus, OH, John Buchanan Williams, Collier Shannon Scott, PLLC, Jonathan Redgrave, Jones Day, Washington, DC, Lisa M. Sheppard, Womble, Carlyle, Sandridge & Rice, PLLC, Winston-Salem, NC, Nicholas N. Nierengarten Gray, Plant, Mooty, Mooty & Bennett, PA., Minneapolis, MN, Patrick L. Hubbard, Jones Day, Washington, DC, Paul Crist Jones, Day, Reavis & Pogue, Cleveland, OH, Paul Sommer Ryerson, Peter John Biersteker, Jones Day, Washington, DC, Randal S. Baringer Jones, Day, Reavis & Pogue, Cleveland, OH, Robert Francis McDermott, Jr., Jones Day, Washington, DC, Scott C. Walker Jones, Day, Reavis & Pogue, Columbus, OH, William M. Bailey, Collier Shannon Scott, PLLC, Karen O'Brien Hourigan, Jones Day, Washington, DC, Andrew Martin McCormack, King & Spalding, Washington, DC, Dan H. Willoughby, King & Spalding, Atlanta, GA, David M. Bernick, Kirkland & Ellis, Chicago, IL, David Mendelson, David Patrick Sullivan, Dawn D. Marchant, Kirkland & Ellis LLP, Washington, DC, Deirdre A. Fox, Douglas G. Smith, Kirkland & Ellis, Chicago, IL, Jason Beckerman, Karen McCartan DeSantis, Kirkland & Ellis Llp, Washington, DC, Leign Ann Dowden, King & Spalding, Atlanta, GA, Michelle H. Browdy, Kirkland & Ellis, Chicago, IL, Paul Lamont McDonald, Philadelphia, PA, Rebecca I. Ruby, Goodwin Procter, LLP, Washington, DC, Stephen R. Patton, Steven D. McCormick, Kirkland & Ellis, Chicago, IL, William Charles Hendricks, III, King & Spalding, Kenneth N. Bass, Kirkland & Ellis, Washington, DC, Bruce D. Ryder, Thompson Coburn LLP, St. Louis, MO, Edward Craig Schmidt, Thompson Coburn, LLP, Washington, DC, J. William Newbold, James M. Cox, Thompson & Coburn, LLP, St. Louis, MO, Matthew David Schwartz, Thompson Coburn, LLP, Washington, DC, Michael B. Minton, Thompson Coburn LLP, St. Louis, MO, Paige Q. *61 Szajnuk, Shook, Hardy & Bacon, Kansas City, MO, Richard Paul Cassetta, Thompson Coburn LLP, St. Louis, MO, Thomas A. Duncan, Shook, Hardy & Bacon, Kansas City, MO, Aaron H. Marks, Daniel R. Benson, Kasowitz, Benson, Torres Friedman, L.L.P., New York City, Fred W. Reinke, Clifford Chance US, LLP, Washington, DC, Julie R. Fischer, Kasowitz, Benson, Torres Friedman, L.L.P., New York City, Kenneth Anthony Gallo, Paul, Weiss, Rifkind, Wharton & Garrison, LLP, Washington, DC, Leonard A. Feiwus, Marc E. Kasowitz, Kasowitz, Benson, Torres Friedman, L.L.P., New York City, Melodie M. Mabanta, Robinson Woolson, P.A., Baltimore, MD, Michael P.A. Cohen, Washington Lawyers' Committee, Washington, DC, Nancy E. Straub, Kasowitz, Benson, Torres Friedman, L.L.P., New York City, Warren Neil Eggleston, Howrey Simon Arnold & White, LLP, Washington, DC, Demetra Frawley, Mary Elizabeth McGarry, Michael V. Corrigan, Simpson Thacher & Bartlett, New York City, Michael Asher Schlanger, Sonnenschein, Nath & Rosenthal, Washington, DC, Arnon D. Siegel, Robbins, Russell, Englert, Orseck & Untereiner, Washington, DC, Bruce G. Sheffler David L. Wallace, Chadbourne & Parke, LLP, F. John Nyhan, Garyowen P. Morrisroe, Chadbourne & Parke, Jessica L. Zellner Chadbourne & Parke LLP, New York City, Lawrence Saul Robbins, Roy T. Englert, Jr., Robbins, Russell, Englert, Orseck & Untereiner, Washington, DC, Timothy M. Hughes, Chadbourne & Parke, New York City, William Salvatore D'Amico, Chadbourne & Parke, Washington, DC, Lawrence Edward Savell, Chadbouren & Parke, LLP, New York City, Bruce G. Merritt, Debevoise & Plimpton, Washington, DC, David Runtz, Dennis H. Hranitzky, Joseph P. Moodhe, Debevoise & Plimpton, New York City, Judah Best, Kevin C. Lombardi, Steven Klugman, Debevoise & Plimpton, Washington, DC, Steven S. Michaels, Debevoise & Plimpton LLP, New York City, Clausen Jr. Ely, James Alexander Goold, John Vanderstar, Joseph A. Kresse, Keith Allen Teel, Covington & Burling, Washington, DC, Jason T. Jacoby, Hunton & Williams, Richmond, VA, for Defendants.

MEMORANDUM OPINION
KESSLER, District Judge.
This matter is now before the Court on the United States' Motion for Partial Summary Judgment Regarding Defendants'[1] Affirmative Defenses Asserting Violations of the Eighth Amendment and the Ex Post Facto Clause of the United States Constitution and that the Decision in United States v. Carson Controls the Scope of Disgorgement in this Case ("Motion"). The Government argues that each of these affirmative defenses is insufficient as a matter of law and must be dismissed.[2]
Upon consideration of the Motion, the Opposition, the Reply and the entire record herein, and for the reasons set forth below, the United States' Motion is granted in part and denied in part.

I. BACKGROUND
Plaintiff, the United States of America ("the Government") has brought this suit *62 against Defendants pursuant to Sections 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.[3] Defendants are manufacturers of cigarettes and other tobacco-related entities. The Government seeks injunctive relief and $289 billion[4] for what it alleges to be an unlawful conspiracy to deceive the American public. The alleged conspiracy has been described at length in prior opinions, see e.g., United States v. Philip Morris, 116 F.Supp.2d 131, 136-138 (D.D.C.2000); Mem. Op. January 23, 2004 at 3-5, and need not be repeated here.
In its Motion, the Government seeks partial summary judgment as to certain of Defendants' affirmative defenses that relate to the disgorgement it seeks. Specifically, in the challenged defenses Defendants assert that: (1) the disgorgement sought is so grossly disproportionate to the alleged RICO offenses as to constitute an excessive fine prohibited by the Eighth Amendment to the United States Constitution; (2) the Government's attempt to disgorge proceeds acquired from conduct pre-dating RICO's effective date (October 15, 1970) is foreclosed by the Ex Post Facto Clause of the Constitution; and (3) any disgorgement in this case is limited, as a matter of law, to ill-gotten gains that "are being used to fund or promote the [alleged] illegal conduct, or constitute capital available for that purpose." United States v. Carson, 52 F.3d 1173, 1182 (2d Cir.1995). For the reasons set forth below, the Court will not grant summary judgment at this time as to issues (1) and (3) because a pending motion raises arguments relevant to resolving them. The Government is entitled to partial summary judgment as to issue (2).

II. SUMMARY JUDGMENT STANDARD
Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering a summary judgment motion, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255; see also Washington Post Co. v. United States Dep't of Health and Human Servs., 865 F.2d 320, 325 (D.C.Cir.1989).

III. ANALYSIS

A. Whether the Relief the Government Seeks Is, in Fact, "Disgorgement" Is Very Much in Dispute
The Excessive Fines Clause[5] applies only to penalties that are properly characterized as "punishment." Austin v. *63 United States, 509 U.S. 602, 609-10, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) ("The Excessive Fines Clause limits the government's power to extract payments ... `as punishment for some offense.'") (emphasis in original) (quoting Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 265, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989)). As set forth below, it is well-established that disgorgement of ill-gotten proceeds is not punishment. SEC v. Bilzerian, 29 F.3d 689, 696 (D.C.Cir.1994).[6] Therefore, insofar as the relief sought by the Government can be properly characterized as "disgorgement," it does not implicate the Excessive Fines Clause.
In Bilzerian, the defendant was ordered by the district court to disgorge the profits he had obtained from his violations of the securities laws. Id. at 691. He argued on appeal that the disgorgement order violated the double jeopardy clause of the Fifth Amendment because it punished him for the same conduct that had led to his criminal conviction. Id. at 696. However, the Court of Appeals rejected this argument, holding that the disgorgement order did not constitute "punishment" because "[t]he district court ordered Bilzerian to give up only his ill-gotten gains; it did not subject him to an additional penalty. Therefore the disgorgement does not constitute punishment." Id. (citing United States v. Tilley, 18 F.3d 295, 300 (5th Cir.1994) ("[T]he forfeiture of illegal proceeds, much like the confiscation of stolen money from a bank robber, merely places that party in the lawfully protected financial status quo that he enjoyed prior to launching his illegal scheme. This is not punishment within the plain meaning of the word.") (internal citation omitted)).
Disgorgement of ill-gotten gains is instead remedial, serving to deprive a wrongdoer of unjust enrichment as well as to deter[7] others from violating the law. SEC v. First City Financial Corp., 890 F.2d 1215, 1230 (D.C.Cir.1989).[8] The remedial *64 nature of disgorgement serves to limit its application. Because disgorgement "may not be used punitively," a court's equitable power is restricted to "property causally related to the wrongdoing." Id. at 1231. For this reason, the Government is required to "distinguish between legally and illegally obtained profits." Id.
The requirement that disgorgement be limited to illegally acquired funds is at the heart of Defendants' argument. Defendants do not dispute that disgorgement is subject to Eighth Amendment scrutiny only if it is punishment. Defs.' Mem. in Opp'n at 18. They assert instead that the Government is actually seeking something other than disgorgement because its claim is not, in fact, limited to illegally-obtained profits.
The basis of their argument is that the models used by the Government's experts to calculate the disgorgement sought fail to distinguish between legally and illegally acquired proceeds. See Defs.' Mem. in Opp'n at 19 ("not one of the Government's numerous estimates of its disgorgement claim ... is designed to approximate the gains Defendants obtained as a result of their alleged RICO violations."). Therefore, Defendants argue, the Government "may not invoke the protection of the legal principle ... that disgorgement of ill-gotten gains has not traditionally been considered a punitive measure." Id. at 20. The Government does not dispute the legal principle but insists that "the sought disgorgement constitutes the Defendants' ill-gotten gains causally related" to the alleged RICO violations. Gov't Reply at 9.
Defendants are correct that their Eighth Amendment defenses can not be dismissed merely because the Government has affixed the "disgorgement" label to the relief it seeks. However, the Court need not resolve at this time the disputed issue of whether the Government's models for calculating any disgorgement appropriately distinguish between funds legally and illegally acquired by Defendants. The adequacy of the Government's disgorgement models is the subject of Defendants' pending Motion for Partial Summary Judgment Dismissing the Government's Disgorgement Claim ("Defendants' Disgorgement Motion"), and will be considered in connection with that Motion. Because the viability of Defendants' affirmative defenses which rely on the Eighth Amendment depends on this disputed issue, the Government's motion for summary judgment as to affirmative defenses based on the Eighth Amendment is denied without prejudice.

B. Disgorgement is Not Barred as an Ex Post Facto Punishment
According to the Defendants, the Ex Post Facto Clause[9] of the United States Constitution proscribes the disgorgement remedy sought by the Government with respect to any proceeds deriving from conduct that occurred before RICO's effective date of October 15, 1970. Defs.' Mem. in Opp'n at 26-28. That Clause prohibits retroactive application of penal legislation. A statute is impermissibly retroactive where it "attaches new legal consequences to events completed before its enactment." *65 Landgraf v. USI Film Products, Inc., 511 U.S. 244, 270, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). Defendants assert that, because disgorgement was not an available remedy for mail and wire fraud before RICO's enactment, the disgorgement sought represents an attempt to "`inflict a greater punishment' to pre-RICO conduct" than otherwise would have been available, in violation of the Ex Post Facto Clause. Defs.' Mem. in Opp'n at 27.[10]
Defendants' argument fails whether or not the relief sought by the Government is deemed to be "disgorgement." As already discussed, supra, at 62-64, disgorgement of illegal proceeds is not "punishment." The Ex Post Facto Clause applies only to punishment. Smith v. Doe, 538 U.S. 84, 92, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003); Landgraf, 511 U.S. at 266, 114 S.Ct. 1483 ("The Ex Post Facto Clause flatly prohibits retroactive application of penal legislation") (emphasis added) and id. at 266 n. 19, 114 S.Ct. 1483 ("[w]e have interpreted the Clause[ ] as applicable only to penal legislation.") (citing Calder v. Bull, 3 U.S. 386, 3 Dall. 386, 390-391, 1 L.Ed. 648 (1798))(opinion of Chase, J.). Therefore, if the Government is seeking what is ultimately deemed to be "disgorgement", then affirmative defenses based on the Ex Post Facto Clause fail as a matter of law.
If what the Government is seeking is not deemed to be disgorgement and is more properly characterized as punishment, these affirmative defenses still fail as a matter of law. "A statute does not operate `retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment." Landgraf, 511 U.S. at 270, 114 S.Ct. 1483. In the case of RICO a "pattern of racketeering activity" must include at least one predicate act that occurred after the effective date of the statute. 18 U.S.C. § 1961. Since the statute applies only where the conduct in question is not completed until after the statute's effective date, RICO does not "attach[ ] new legal consequences to events completed before its enactment," Landgraf, 511 U.S. at 270, 114 S.Ct. 1483, just because some predicate acts may have preceded October 15, 1970. Therefore, the imposition of criminal liability and punishment for RICO violations, where part of the criminal conduct began prior to RICO's enactment, but continued after its effective date, does not violate the Ex Post Facto Clause. As the Fifth Circuit has explained:
It was obviously in an effort to avoid the ex post facto problem that Congress, in defining the "pattern of racketeering activity," required that at least one illegal act occur after the effective date of the Act. This feature has quite properly been held to save the statute from running afoul of the ex post facto clause.
United States v. Brown, 555 F.2d 407, 417 (5th Cir.1977) (citing cases). See also United States v. Boffa, 688 F.2d 919, 937 (3d Cir.1982).
*66 Defendants concede that RICO liability may be based on so-called "straddle offenses," where some predicate act(s) pre-date RICO's effective date so long as at least one racketeering act took place after that date. Defs' Mem. in Opp'n at 26 (citing 18 U.S.C. § 1961(5)). They argue instead that "liability" but not "punishment" may be imposed for straddle offenses but do not cite any authority for this distinction. In fact, Brown and Boffa involved the imposition of criminal punishment for RICO straddle offenses.
Because disgorgement is not "punishment," that relief does not implicate the Ex Post Facto Clause. Even if the Government seeks punitive relief, criminal RICO straddle offenses do not violate the Ex Post Facto Clause. Therefore, the Defendants' affirmative defenses which rely on the Ex Post Facto Clause are insufficient as a matter of law and will be dismissed. The Government's Motion for Partial Summary Judgment as to affirmative defenses based on the Ex Post Facto Clause is granted.

C. The Scope of Disgorgement under 18 U.S.C. § 1964(a) Will Be Decided in Connection with Defendants' Pending Disgorgement Motion
The Government also seeks summary judgment that this Court's interpretation of the scope of disgorgement available under 18 U.S.C. § 1964(a) will not be "controlled" by United States v. Carson, 52 F.3d 1173 (2d Cir.1995). The text of 18 U.S.C. § 1964(a) confers on the district court jurisdiction to "prevent and restrain" RICO violations. In the Carson decision, the Second Circuit concluded that disgorgement of ill-gotten gains would not ordinarily "prevent and restrain" RICO violations unless such gains "are being used to fund or promote the illegal conduct, or constitute capital available for that purpose." Id. at 1182.
It is Carson `s limitation on the scope of disgorgement that is at issue in the present Motion. The Government argues that the limitation is overly-restrictive and contrary to the text of RICO and the purposes of RICO disgorgement. The Defendants insist that Carson was properly decided.
Defendants urge the Court to decide this issue in connection with their pending Disgorgement Motion. Defs.' Mem. in Opp'n at 1. In order to consider all the relevant arguments raised by the parties, the Court will take up the Carson standard when deciding that Motion. The Government's Motion for Partial Summary Judgment as to affirmative defenses that rely upon Carson `s interpretation of the scope of disgorgement available under 1964(a) is therefore denied without prejudice.

IV. Conclusion
Because disgorgement of gains acquired in violation of RICO is not "punishment," it does not implicate the Eighth Amendment. However, whether what the Government is actually seeking constitutes "disgorgement" is much in dispute, and cannot be decided on this record as it stands. Therefore, the Government's Motion to dismiss Defendants' affirmative defenses that rely on the Excessive Fines Clause is denied without prejudice.
Defendants' affirmative defenses that rely on the Ex Post Facto Clause are insufficient as a matter of law despite the dispute about whether the remedy sought by the Government constitutes something other than disgorgement. The Ex Post Facto clause, like the Excessive Fines Clause, also applies only to punishment. If the Government seeks disgorgement, then the Ex Post Facto clause will not apply. However, even if the Government *67 does seek "punishment" for so-called straddle offenses, in which at least one predicate act is alleged to have occurred after RICO's effective date, the courts have held that such criminal liability is not impermissibly retroactive. Therefore, the Government's Motion for Partial Summary Judgment as to affirmative defenses that rely upon the Ex Post Facto Clause is granted.
Finally, the Court will decide whether § 1964(a) restricts the Court's power to order disgorgement of illegally acquired gains to those funds that are being used to fund illegal conduct or that remain available to do so in connection with Defendants' pending Disgorgement Motion. Therefore, the Government's Motion for Partial Summary Judgment as to affirmative defenses that rely upon such a limitation is denied without prejudice.
An Order will accompany this opinion.

ORDER # 509
This matter is now before the Court on the United States' Motion for Partial Summary Judgment Regarding Defendants'[1] Affirmative Defenses Asserting Violations of the Eighth Amendment and the Ex Post Facto Clause of the United States Constitution and that the Decision in United States v. Carson Controls the Scope of Disgorgement in this Case ("Motion").
Upon consideration of the Motion, the Opposition, the Reply and the entire record herein, and for the reasons set forth in the accompanying Memorandum Opinion, the United States' Motion is granted in part and denied in part; it is further
ORDERED that the United States' Motion for Partial Summary Judgment as to Defendants' affirmative defenses asserting violations of the Eighth Amendment is denied without prejudice; it is further
ORDERED that the United States' Motion for Partial Summary Judgment as to Defendants' affirmative defenses asserting that the decision in United States v. Carson controls the scope of disgorgement in this case is denied without prejudice; it is further
ORDERED that the United States' Motion for Partial Summary Judgment as to Defendants' affirmative defenses asserting violations of the Ex Post Facto Clause of the United States Constitution is granted; it is further
ORDERED that the following affirmative defenses are DISMISSED:
Philip Morris, USA Inc.: Affirmative Defenses 14 and 30
Altria Group, Inc.: Affirmative Defenses 15 and 31
R.J. Reynolds, Tobacco Co.: Affirmative Defense 7
Brown & Williamson Tobacco Co.: Affirmative Defense 7
British American Tobacco (Investments) Limited: Affirmative Defense 18
Lorillard Tobacco Company: Affirmative Defenses 32 and 33,
The Liggett Group, Inc.: Affirmative Defenses 19 and 60
Council for Tobacco Research  USA: Affirmative defense 22
*68 The Tobacco Institute: Affirmative Defense 12
NOTES
[1] Defendants are Philip Morris USA Inc. (f/k/a Philip Morris Incorporated), R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation (individually and as successor by merger to the American Tobacco Company), Lorillard Tobacco Company, Altria Group Inc. (f/k/a Philip Morris Companies, Inc.), British American Tobacco (Investments), Ltd., The Council for Tobacco Research-U.S.A., Inc., The Tobacco Institute, Inc. and The Liggett Group, Inc.
[2] See Gov't Motion Attachment A (chart identifying the particular affirmative defenses challenged by the Motion).
[3] The Complaint originally contained four claims under three statutes. On September 28, 2000, the Court dismissed Count One (pursuant to the Medical Care Recovery Act, 42 U.S.C. § 2651, et seq.) and Count Two (pursuant to the Medicare Secondary Payer provisions of the Social Security Act, 42 U.S.C. §§ 1395y(b)(2)(B)(ii) & (iii)). See United States v. Philip Morris, 116 F.Supp.2d 131 (D.D.C.2000).
[4] See United States' Preliminary Proposed Findings of Fact at 14.
[5] The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." (emphasis added).
[6] In ruling on Defendants' Motion to Dismiss, this Court rejected Defendants' argument that disgorgement is never available under a civil RICO count. United States v. Philip Morris, 116 F.Supp.2d 131, 151 ("disgorgement is permitted in civil RICO suits as a matter of law").
[7] Defendants argue that because the disgorgement sought serves a deterrent purpose, it is punitive and "amounts to a forfeiture remedy" and is thus subject to Eighth Amendment scrutiny. Defs.' Mem. in Opp'n at 21. Defendants rely on United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) for the proposition that civil sanctions which serve deterrent purposes amount to punishment. Id. at 22 (citing Halper, 490 U.S. at 448, 109 S.Ct. 1892). The Court of Appeals for the D.C. Circuit has expressly rejected this argument. Bilzerian, 29 F.3d at 696. The court explained:

The reach of the Halper decision is short. As the Court explained "What we announce now is a rule for the rare case, the case such as the one before us, where a fixed penalty provision subjects a prolific but small-gauged offender to a sanction overwhelmingly disproportionate to the damage he has caused." Because the disgorgement order did not ask [defendant] to give up anything in excess of the amount of his illicit gains, [he] does not present "the rare case" contemplated by the Court in Halper. Accordingly, we conclude that the disgorgement order is remedial in nature and does not constitute punishment within the meaning of double jeopardy.
Id. (quoting Halper, 490 U.S. at 449, 109 S.Ct. 1892). As Bilzerian noted, the Halper opinion states that a "a civil sanction is punitive if it `may not fairly be characterized as remedial, but only as deterrent or retribution.'" Id. at 696 n. 11 (quoting Halper, 490 U.S. at 449, 109 S.Ct. 1892 (emphasis added)).
[8] See also Bilzerian, 29 F.3d at 696 (rejecting defendant's argument that disgorgement is punishment unless it is ordered to make the government whole because "[d]isgorgement is no less remedial in nature merely because victims other than the government have been injured by [his] violations of the securities laws."). See also United States v. Philip Morris, 273 F.Supp.2d 3, 10 (D.D.C.2002) ("contrary to Joint Defendants' contention, the courts have ruled that disgorgement is an equitable remedy irrespective of whether the Government or the injured person is the recipient of the disgorged profits") (citing FTC v. Gem Merchandising Corp., 87 F.3d 466, 470 (11th Cir.1996)).
[9] The Ex Post Facto Clause provides that "[n]o Bill of Attainder or ex post facto Law shall be passed." U.S. Const., art. 1, § 9 cl.3
[10] The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, prohibits individuals or entities from engaging in racketeering activity associated with an "enterprise." To successfully state a RICO claim, the Government must allege "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity." Salinas v. United States, 522 U.S. 52, 62, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997) (internal citation omitted). "Racketeering activity" includes, among other things, acts prohibited by any one of a number of criminal statutes. 18 U.S.C. § 1961(1). A "pattern" is demonstrated by two or more instances of "racketeering activity" ("predicate acts") that occur within ten years of one another. 18 U.S.C. § 1961(5). In this case, the alleged predicate acts are violations of 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud).
[1] Defendants are Philip Morris USA Inc. (f/k/a Philip Morris Incorporated), R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation (individually and as successor by merger to the American Tobacco Company), Lorillard Tobacco Company, Altria Group Inc. (f/k/a Philip Morris Companies, Inc.), British American Tobacco (Investments), Ltd., The Council for Tobacco Research-U.S.A., Inc., The Tobacco Institute, Inc. and The Liggett Group, Inc.